U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

2015 SEP -4  A 11: 03

DEPUTY CLERK  CC (MS)
(9-4-15)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY KINGMAN, | ) |
| | ) |
| Defendant | ) |

No. 2:15-cr-136-JDL

## ORDER ON MOTION REQUESTING TRAVEL AUTHORIZATION

The defendant has moved for an order pursuant to 18 U.S.C. § 4285 directing the United States Marshal to furnish the fare to allow the defendant to travel from Fort Lauderdale, Florida, to appear in this court on September 16, 2015, at 9:00 a.m., for a scheduled hearing that will include an anticipated waiver of indictment and a plea to an information. Specifically, the defendant seeks "travel authorization for a flight from Fort Lauderdale, Florida, to Portland, Maine, on Tuesday, September 15, 2015[.]" Motion Requesting Travel Authorization Pursuant to 18 U.S.C. § 4285 ("Motion") at 1. He also asks for "an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of Title 5, United States Code." *Id.* at 2-3.

The defendant has not provided an affidavit or other form of sworn evidence concerning his current financial status. He relies instead on the financial declaration that he submitted and that was received by the court on March 10, 2015, in support of his application for the appointment of counsel to represent him. That declaration, filed in Case No. 2:15-mc-96-JHR, records, *inter alia*, monthly income of $2,650.00, unexplained monthly medical expenses of $700.00 (the

1

defendant listed no dependent), and $250.00 "cash on hand." Attached to the declaration is a Form

1099-MISC reporting $28,260.00 in miscellaneous income received by the defendant in 2014.

Whether to order payment for transportation is discretionary. *United States v. Forest*, 597

F.Supp.2d 163, 165 (D. Me. 2009). The burden is on the defendant to demonstrate that he is

financially unable to provide the necessary transportation in order to appear before the court. *Id.*

> This is an especially heavy burden. The fact that a defendant may be
> indigent for purposes of appointment of counsel, for example, is a different
> standard. A person might not be able to pay for [his] own lawyer, but at
> the same time, be fully capable of finding [the financial means] to appear
> at court.

*Id.* Statements in the motion by the defendant's attorney are not sufficient to sustain this burden.

*Id.* at 166.[1]

The defendant cites docket entries in two other criminal cases in support of his request.

Motion at 3. I decline to consider those bare docket entries, devoid of sufficient factual

development for application herein, as authority for any action that I may take on this motion.

The defendant has not carried his burden in support of the request at issue. The motion is

**DENIED.**

## *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

---

[1] At a minimum, a defendant seeking funding under 18 U.S.C. § 4285 should provide up-to-date financial information by affidavit or some other verified means.

2

Dated this 4th day of September, 2015.

> /s/ John H. Rich III
> John H. Rich III
> United States Magistrate Judge